*In re* LCDA. MARÍA C. ARROYO VILLAMIL.

*Número:* MC-82-36      *Resuelto:* 30 de noviembre de 1982

*Manuel Martínez Umpierre*, abogado de la querellada.

PER CURIAM: En virtud de resolución de la Comisión Industrial de Puerto Rico de 18 de agosto de 1982 nos fue remitido el expediente de dicho organismo núm. 72-7-6600, que se refiere a la reclamación del Sr. Rogelio Fuentes Cirilo contra el Fondo del Seguro del Estado. Motivó dicha resolución un incidente ocurrido durante la celebración de una vista ante un Oficial Examinador de la Comisión Industrial, en que tomó parte la Lcda. María del Carmen Arroyo Villamil. Se nos refiere el expediente para que este Tribunal "determine la acción disciplinaria que estime", según reza la resolución. Oportunamente la licenciada Arroyo Villamil compareció representada por el Lcdo. Manuel Martínez Umpierre y expuso su posición. Estamos en condiciones de resolver y lo hacemos sin más trámite, conforme lo autoriza la Regla 50 de nuestro Reglamento.

Resumimos a continuación el incidente, según se desprende del récord taquigráfico que forma parte del expediente ante nos. El Sr. Rogelio Fuentes Cirilo desarrolló una "dermatitis por contacto" en el año 1971 mientras trabajaba para el Departamento de Justicia. Su caso se llamó a vista pública el 20 de abril de 1982 ante el Oficial Examinador de la Comisión Industrial, Sr. Rafael Sánchez Hernández. El Sr. Rogelio Fuentes Cirilo estaba presente y representado por la abogada Arroyo Villamil.

Al iniciarse la vista surgió una discrepancia entre la licenciada Arroyo Villamil y el abogado del Fondo, Lcdo. Jorge Márquez Gómez, en cuanto al propósito de la vista. Argumentaba la licenciada Arroyo Villamil que en reso-

lución del Administrador del Fondo de 20 de septiembre de 1972 se aceptó relación causal entre la condición de dermatitis por contacto y el trabajo que realizaba su cliente; que una condición de *tinea pedis* se le desarrolló por agravación, según informe de 8 de septiembre de 1978, y que lo que debía hacerse era referirlo para más tratamiento. El abogado del Fondo argumentaba, por su parte, que ciertamente se aceptó relación en 1972 por la dermatitis por contacto, pero que en vista pública celebrada el 25 de agosto de 1980 se alegó una condición de venas varicosas y la Comisión, por resolución de 22 de septiembre de 1980, confirmó al Fondo y denegó relación causal por dicha condición, refiriendo el caso al Fondo "para evaluación por condición dermatológica", se hizo la evaluación y se determinó que la condición actual no guarda relación con los hechos del 1971.

Luego de oír argumentos de ambos abogados y expresiones de la Dra. Isabel Banuchi, dermatóloga consultora de la Comisión, decidió el señor Oficial Examinador oír al reclamante para entonces decidir si se trataba de un caso de mayor tratamiento o incapacidad, o de relación causal. A ello se opuso vehementemente la abogada Arroyo Villamil. Se le tomó juramento al reclamante, y el Oficial Examinador expresó:

Compañera . . . aparentemente el "ruling" no fue claro. Se lo voy a repetir. Vamos a entrar en el aspecto de relación causal al solo efecto del punto del compañero. De yo entender que el caso no es de relación causal y sí de mayor tratamiento pues así lo dispondré. O sea, el "ruling" no es uno definitivo de que el caso es de relación causal, vamos a entrar en ambos aspectos para evitar luego otra dilación u otra vista pública para determinar si es una relación causal o no. Debo entender que su interrogatorio es a fines de ambos, relación causal y tratamiento.

No obstante esta clara expresión del Oficial Examinador, la licenciada Arroyo Villamil quiso limitar el examen del reclamante al aspecto de mayor incapacidad y trata-

miento. Como insistiera el Oficial Examinador en su decisión, la licenciada Arroyo Villamil decidió retirarse de la vista y llevarse a su cliente. El Oficial Examinador insistía en que no se suspendiera la vista y ella en que se iría y se llevaría al cliente. El incidente terminó en la siguiente forma, según aparece de la transcripción, págs. 13–14:

Oficial Examinador:

Bueno licenciada, lo que pasa es que quien entiende aquí qué es [en] lo que se va a entrar o no, no es usted, soy yo. Ahora, ya vuelvo y le digo y no voy a seguir con esta discusión, de usted decidir irse usted se va, punto. Y usted se atiene a las consecuencias de haberse retirado.

Lic. Arroyo Villamil:

Entonces estamos equivocados.

Sí, Su Señoría, cómo no, nosotros nos retiramos. Solicitamos un récord, una copia del récord taquigráfico completo, Su Señoría. Con su permiso, por favor Don Rogelio, si es tan amable. . .

Oficial Examinador:

Don Rogelio, siéntese ahí. . .

Lic. Arroyo Villamil:

No, Su Señoría, eso usted no lo puede hacer. Ese es mi cliente y si mi cliente decide levantarse en el momento en que yo me levanto usted no le puede indicar que no, Su Señoría. Eso es una relación que usted no puede violentar, perdóneme.

Oficial Examinador:

Licenciada, aquí el que decide si una persona se retira o no se retira no es con permiso suyo. . .

Lic. Arroyo Villamil:

Yo tengo una responsabilidad. Entiendo muy bien mi responsabilidad como profesional. Si este lesionado se levanta, y me había indicado que se quiere retirar de Sala, se puede retirar de Sala, Su Señoría, me parece que usted no lo puede coaccionar.

Oficial Examinador:

Nadie está coaccionando a nadie.

Lic. Arroyo Villamil:

Perdone, yo tendría que decir distinto sobre eso...

Oficial Examinador:

Bueno, yo no voy a seguir discutiendo con usted, si usted ha hecho esa prerrogativa, ya mi "ruling" hasta este punto ha sido específico también. Ya, aparentemente usted ha hecho todo lo que ha querido hacer en la tarde de hoy, continúe con sus actuaciones tal y como ha hecho hasta ahora. Si usted se decide a irse y decide llevarse de aquí al lesionado también si lo va a hacer lo haga. No tengo nada que decir.

Lic. Arroyo Villamil:

Nosotros hemos sido claros en cuanto a nuestro, a nuestra responsabilidad. Buenas tardes.

El Oficial Examinador emitió su informe y la Comisión Industrial, en resolución de 4 de agosto de 1982, ordenó a la licenciada Arroyo Villamil a escribir cartas, ofreciendo disculpas, al Oficial Examinador, licenciado Sánchez Hernández, al abogado del Fondo, licenciado Márquez Gómez, a la doctora Banuchi y a los alguaciles y a la taquígrafa presentes en la mencionada vista pública. Dispuso, además, referir el caso a este Tribunal para "la acción disciplinaria correspondiente". El Comisionado Asociado señor Aldahondo Delgado disintió de la primera parte de dicha resolución. Estuvo de acuerdo en referir el asunto a este Tribunal. Los comisionados señor Gayá Sifre y señora Bonet de Verges disintieron de la totalidad de la parte dispositiva de la resolución. Señalaron que "por ser ésta la primera vez que incurre la Lcda. Arroyo Villamil en situación como la aquí expuesta, entendemos que una reprimenda con una advertencia de que no vuelva a repetirse dicha acción sería de suficiente intensidad como para tratar de subsanar la falta cometida por dicha abogada". El Comisionado señor Verdiales Morales concurrió en lo dispuesto por la Comisión y señaló que consideraría la conducta de la abogada Arroyo Villamil como un desacato y le impondría sanción por ello.

En su comparecencia, la licenciada Arroyo Villamil sostiene que ella fue respetuosa, que planteaba ante el Oficial

Examinador una cuestión de derecho en que tenía razón y que lo que hubo fue diferencia de criterio. Entiende que la resolución trata de humillarla al ordenarle escribir las cartas de disculpa, y concluye que su conducta no fue antiética. Discrepamos.

▆▆▆ Si se suspende o no una vista ya iniciada es atributo del funcionario que la preside y no de un abogado que ante él postule. Un abogado no tiene derecho de ausentarse de la vista, y provocar con ello su suspensión, sin permiso del funcionario que preside. Tampoco puede atribuirse el derecho a decidir si otra persona, aun su cliente, puede retirarse sin el consentimiento de quien presida. Así es ante los tribunales de justicia y así tiene que ser ante los organismos administrativos cuasijudiciales.(¹) Si se permitiese a los abogados apartarse de estas normas se propiciaría la anarquía y se subvertiría el orden que debe prevalecer en los procedimientos. Los abogados tienen la obligación de ser primera línea de defensa de ese orden.

La Lcda. María del Carmen Arroyo Villamil fue admitida a ejercer la abogacía el 12 de marzo de 1968. No sabemos cuál ha sido la intensidad de su práctica profesional durante los catorce años que desde entonces han transcurrido. Consignamos, no obstante, que su expediente de abogada no revela que hasta aquí haya habido que intervenir con ella por razones de ética profesional. Ello, y las expresiones de los señores comisionados Gayá Sifre y Bonet de Verges, antes citados, nos mueven a limitar nuestra sanción a una reprimenda de que se tomará constancia en el expediente de la abogada Arroyo Villamil, previniéndole contra ulteriores faltas en el ejercicio de la abogacía.

▆▆ Réstanos señalar que, independientemente de la autoridad que tienen los funcionarios y organismos admi-

---

(¹) El Código de Ética Profesional prescribe en su Canon 6, en su primera oración:

"Al prestar sus servicios profesionales ante organismos legislativos o administrativos el abogado debe observar los mismos principios de ética profesional que exige su comportamiento ante los tribunales."

574

nistrativos para castigar por desacato —Ley de 1 de marzo de 1902 (33 L.P.R.A. sec. 517); Art. 279, Código Penal de 1974 (33 L.P.R.A. sec. 4623)— tienen además la obligación de mantener orden y disciplina en los procedimientos y llamar la atención para ello a abogados y demás personas que ante ellos comparezcan. Ese poder disciplinario es, sin embargo, limitado y debe ejercitarse con discreción.

*Se dictará resolución de conformidad con lo aquí expuesto.*

El Juez Asociado Señor Negrón García no intervino. El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión.

