CC-99-312                                                                1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Sabino Hernández Chiquez<br>        Demandante-Peticionario<br><br>        v.<br><br>Corporación del Fondo del Seguro del Estado<br>        Demandada-Recurrida | Certiorari<br><br>2000 TSPR 191 |

Número del Caso: CC-1999-312

Fecha: 22/diciembre/2000

Tribunal de Circuito de Apelaciones:

                                        Circuito Regional I

Juez Ponente:

                                        Hon. Angel González Román

Abogado de la Parte Peticionaria:

                                        Lcdo. Osvaldino Rojas Lugo

Abogada de la Parte Recurrida:

                                        Lcda. María Ortiz Monteverde

Materia: Revisión Administrativa Civil

        Este documento constituye un documento oficial del Tribunal Supremo que está
        sujeto a los cambios y correcciones del proceso de compilación y publicación
        oficial de las decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Sabino Hernández Chiquez

  Demandante-Recurrente

        v.                                    CC-1999-312        Certiorari

Corporación del Fondo del
Seguro del Estado

  Demandada-Recurrida

Opinión del Tribunal emitida por el Juez Asociado señor Rivera Pérez.

San Juan, Puerto Rico, a 22 de diciembre de 2000.

      La Comisión Industrial de Puerto Rico le impuso un desacato por la cantidad de veinticinco dólares ($25) al abogado del lesionado, licenciado Osvaldino Rojas Lugo, por no comparecer a una vista administrativa a la que fue citado. De dicha determinación solicitó reconsideración a la referida agencia, la cual fue denegada. Inconforme, recurrió al Tribunal de Circuito de Apelaciones, quien expidió el auto de revisión y confirmó dicha decisión. No estando conforme, el licenciado Rojas Lugo recurre ante nos solicitando la revocación de lo dictaminado por el Tribunal de Circuito de Apelaciones.

I

El 9 de marzo de 1998, la Comisión Industrial de Puerto Rico (en adelante la Comisión), notificó la celebración de una vista pública para el 16 de abril de 1998. Dicha vista era referente a la ampliación de tratamiento o determinación de mayor incapacidad por condición emocional del lesionado, señor Sabino Hernández Chiquez. Se citó al señor Hernández Chiquez, a su representante legal, el licenciado Osvaldino Rojas Lugo, al representante legal de la Corporación del Fondo del Seguro del Estado, al asesor médico de la referida corporación, doctor Víctor A. Toraño González y a la señora Marta N. Velázquez López.

Llegado el día de la vista, y llamado el caso, comparecieron todas las personas citadas, excepto el licenciado Rojas Lugo, representante legal del lesionado. El alguacil de sala, señor Carlos Polo, informó que dicho letrado no estaba presente y que no se había comunicado con la Comisión para excusar su incomparecencia. No obstante, señaló que el licenciado Rojas Lugo sí se había comunicado con la esposa del lesionado, indicándole que estaba en el Tribunal y le era imposible comparecer ante la Comisión, y que lo excusara. Ese mismo día, el señor Hernández Chiquez se comunicó por vía telefónica con la oficina del licenciado Rojas Lugo. Le atendió el señor Giovanni Correa, empleado de dicho abogado. El señor Correa le indicó que el licenciado Rojas Lugo no se encontraba. Sin embargo, el señor Hernández Chiquez escuchó cuando el señor Correa atendió otra llamada telefónica, en la que indicó, a una tercera persona, que el licenciado Rojas Lugo acababa de llegar. Respecto a esta situación, el licenciado Rojas Lugo alegó que el señor Correa no le informó sobre la llamada del señor Hernández Chiquez.

Ante la incomparecencia antes aludida, la Comisión, por voz de la licenciada Blanca Trinidad Torres, emitió una resolución imponiéndole un desacato y, en consecuencia, una sanción de veinticinco dólares ($25) al licenciado Rojas Lugo, apercibiéndolo que de incurrir en una próxima incomparecencia injustificada daría lugar a que se refiriera la situación al Tribunal Supremo para el procedimiento disciplinario correspondiente.[1] Fundamentó su determinación, en que no surgía del expediente que la citación al licenciado Rojas Lugo hubiera sido devuelta por el correo, ni tampoco que dicho letrado se hubiera comunicado con la Comisión para solicitar la suspensión de la vista señalada. Que no puso en conocimiento a la Comisión de ningún tipo de conflicto en calendario, que sería el procedimiento apropiado en esos casos. Expresó, además, que era la segunda ocasión en que el licenciado Rojas Lugo no comparecía a una vista presidida por ella, dejando a sus representados en un estado de total indefensión. La resolución antes aludida lee, en lo pertinente, como sigue:

> TRANSFERIR la presente Vista Pública, ante la incomparecencia no justificada del representante legal del lesionado. Se informó que el abogado estaba en el Tribunal y se le hacía imposible comparecer al [sic] día de hoy, dejando al lesionado en estado de indefensión.

---

[1] Apéndice II del recurso de <u>Certiorari</u>, págs. 11-13.

**Se le impone desacato por la cantidad de $25.00** al Lcdo. Osvaldino Rojas Lugo, por la incomparecencia a sala, sin justificación alguna y falta a la responsabilidad ética para este Foro. (Énfasis nuestro.)

El 17 de julio de 1998, el licenciado Rojas Lugo solicitó reconsideración respecto a la referida resolución,[2] la cual posteriormente fue acogida por la Comisión.[3] El 30 de octubre de 1998 la Comisión declaró no ha lugar dicha reconsideración.[4] No conforme con lo dictaminado, el licenciado Rojas Lugo solicitó revisión al Tribunal de Circuito de Apelaciones el 1ro. de diciembre de 1998.[5] Arguyó, que erró la Comisión al imponerle la sanción y consignar en su resolución imputaciones injuriosas y carentes de veracidad, respecto a su persona y a su comportamiento profesional. El 24 de marzo de 1999, el Tribunal de Circuito de Apelaciones emitió sentencia expidiendo el auto de revisión solicitado y confirmando la determinación de la Comisión Industrial. Concluyó, que el foro administrativo actuó con suma discreción ante el patrón de conducta del licenciado Rojas Lugo, y que la Comisión estaba facultada para imponer la sanción recurrida, resultando ser dicha sanción proporcional a la conducta, que tuvo el efecto de dilatar los procedimientos administrativos. Determinó, que al no constar en el récord administrativo que la notificación hubiera sido devuelta por el correo, se activaba la presunción de que la correspondencia enviada fue recibida.[6]

Inconforme con la referida sentencia, el licenciado Rojas Lugo recurre ante nos, levantando como errores cometidos por el Tribunal de Circuito de Apelaciones, los siguientes:

### PRIMER ERROR DE DERECHO:

Entendemos que el Honorable [sic] Tribunal de Circuito de Apelaciones, Circuito Regional I, el Juez Ponente, González Román [sic] cometió grave error de derecho que amerita la revocación, al confirmar la resolución emitida por la Lcda. Blanca Trinidad Torres en este caso, en abierta violación al estado de derecho vigente.

### SEGUNDO ERROR DE DERECHO:

Entendemos que el Honorable Tribunal de Circuito de Apelaciones, supra, [sic] cometió grave error de derecho al concluir sin base jurídica alguna que la Lcda. Blanca Trinidad Torres sancionó la conducta repetida del abogado que suscribe de no comparecer ni justificar su incomparecencia a las vistas públicas.

### TERCER ERROR DE DERECHO:

---

[2] Apéndice III, Íd., págs. 14-19. El licenciado Rojas Lugo alegó que la resolución de la licenciada Blanca Trinidad Torres estaba saturada de prejuicios contra su persona; que no medió razón válida para la imposición de sanciones por ausencia injustificada de un abogado, cuando éste no fue debidamente citado; y que la Comisión obró desconsideradamente al no concederle la oportunidad para que explicara su ausencia. Íd., a la pág. 18.

[3] Apéndice IV, Íd., pág. 20.

[4] Apéndice V, Íd., págs. 21-34.

[5] Apéndice I, Íd., págs. 1-10.

[6] Apéndice XIII, Íd., a la pág. 50.

Cometió grave error de derecho la Comisionada Blanca Trinidad Torres al no darle la oportunidad de ser oido [sic] al abogado que suscribe violando los principios más elementales del debido proceso de ley, actuación que debió corregir el Honorable Tribunal de Circuito, supra [sic].

El licenciado Rojas Lugo alega que no fue citado para la referida vista. Manifiesta que la presente situación es recurrente, debido al caos administrativo por el cual atraviesa la Comisión. Por otro lado, argumenta que la Comisión no tiene facultad legal para imponer desacatos, y que se violó su debido proceso de ley al no concedérsele una oportunidad para ser oído.

II

Existen varias disposiciones legales que establecen la facultad de la Comisión Industrial para imponer desacatos. La sección 1 de la Ley de Desacato de 1ro. de marzo de 1902,[7] según enmendada, dispone, en lo pertinente, como sigue:

La Corte Suprema, el Tribunal Superior, el Tribunal de Distrito, y cualquier tribunal análogo o semejante, debidamente establecido en Puerto Rico y la **Comisión Industrial de Puerto Rico, tendrán facultad para castigar por desacato a toda persona culpable** de cualquiera de los actos siguientes: (Énfasis nuestro.)

1. Perturbación del orden, ruido u otro disturbio, tendente directamente a interrumpir sus procedimientos, o conducta desordenada, desdeñosa o insolente... y tendente a interrumpir sus procedimientos...

2. Obstinada desobediencia, u oposición intentada o realizada contra cualquier decreto, mandamiento u orden legal...

3. Crítica injuriosa o infamatoria de los decretos, sentencias, órdenes o procedimientos de cualquier tribunal, incluyendo la Comisión Industrial de Puerto Rico, publicada en algún impreso, periódico u hoja suelta para su circulación, tendente a desacreditar injustamente al tribunal o alguno de sus miembros.

4. La resistencia ilegal y contumaz por parte de alguna persona a prestar juramento o llenar los requisitos como testigo en una causa pendiente... o negarse a contestar a cualquier interrogatorio legal, después de haber jurado o llenado dichos requisitos, sin excusa legítima.

5. La voluntaria publicación de cualquier informe falso o groseramente inexacto, de procedimientos judiciales o cuasi judiciales; Disponiéndose, [sic] sin embargo, que la publicación de cualquier informe verdadero y justo de algún procedimiento judicial, no será penable como desacato.

La sección 2 de la Ley de Desacato,[8] supra, dispone respecto a las penalidades que puede imponer la Comisión, en lo pertinente, como sigue:

---

[7] 33 L.P.R.A. sec. 517.

[8] 33 L.P.R.A. sec. 518. Por otro lado, la sección 519 de la Ley de Desacato, supra, dispone sobre el procedimiento que habrá de seguirse respecto a la imposición de desacato. Dicha sección lee como sigue:

Cuando se comete un desacato a la inmediata presencia y vista de una corte de justicia o de la Comisión Industrial de Puerto Rico, podrá imponerse en el acto el correspondiente castigo por el juez de la corte o juez presidente de la misma, o por la Comisión Industrial de Puerto Rico o el Comisionado que esté presidiendo. Cuando se acuse a una persona de desacato cometido fuera de la presencia de la corte o de la Comisión Industrial, no podrá declarársele convicta sin habérsele dado previamente oportunidad para comparecer y defenderse del cargo. Siempre que alguna persona fuere multada o encarcelada por desacato a una corte o a la Comisión Industrial deberá firmarse por el juez o

> **…El Tribunal de Distrito y cualquier otro tribunal análogo o semejante y la Comisión Industrial de Puerto Rico, tendrán facultad para castigar el desacato, según expuesto anteriormente, dirigido a dicho tribunal, mediante una multa máxima de veinticinco (25) dólares, y en defecto del pago de dicha multa la persona declarada culpable podrá ser recluida en la cárcel local más inmediata a dicho tribunal por un período máximo de veinte (20) días.** (Énfasis nuestro.)

Las precitadas disposiciones legales no han sido objeto de derogación expresa alguna por parte del desarrollo legislativo en el área de derecho administrativo, así como en el derecho penal. El Art. 277 del Código Penal[9] de la Ley Núm. 115 de 22 de julio de 1974, no derogó expresamente la Ley de Desacato, <u>supra</u>. Por otro lado, el Art. 279 del Código Penal[10] reserva las facultades a favor de agencias, administraciones y funcionarios para castigar por desacato.

Cabe señalar que, en In re Arroyo Villamil,[11] este Tribunal reconoció la vigencia de las precitadas disposiciones. A estos efectos expresó, que "independientemente de la autoridad que tienen los funcionarios y organismos administrativos para castigar por desacato... tienen además la obligación de mantener orden y disciplina en los procedimientos y llamar la atención para ello a abogados y demás personas que ante ellos comparezcan. Ese poder disciplinario es, sin embargo, limitado y debe ejercitarse con discreción".[12]

Si bien es cierto que la Ley de Desacato, supra, facultó a la Comisión Industrial para la imposición de desacato, nuestra Constitución no delega expresamente a las agencias administrativas el poder de castigar por desacato, lo que acarrearía un problema constitucional de separación de poderes. La facultad inherente para sancionar por desacato, a toda persona culpable de perturbación del orden, tendente a interrumpir los procedimientos, recae sólo en el Poder Judicial.[13] Reafirmamos los pronunciamientos de este Tribunal en H.M.C.A. v. Contralor,[14] de que "[l]o que no puede delegarse a las agencias,

---

comisionado sentenciador una orden o mandamiento para dicha multa o prisión, consignándose en el mismo el acto o actos constitutivos de dicho desacato, así como la fecha y lugar de su comisión y circunstancias de la misma, con especificación de la sentencia del tribunal, sin lo cual dicha sentencia del tribunal, quedará enteramente nula y sin efecto.

[9] 33 L.P.R.A. sec. 4621.

[10] 33 L.P.R.A. sec. 4623. Dicha sección dispone lo siguiente:

Este Código no afecta la facultad conferida por ley a cualquier tribunal, agencia, administración o funcionario público para castigar por desacato.

[11] 113 D.P.R. 568 (1981).

[12] Íd., a las págs. 573–574.

[13] Pueblo v. Cuevas Velázquez, 103 D.P.R. 290, 294 (1975), citando a De Torres v. Corte, 58 D.P.R. 515 (1941).

[14] 133 D.P.R. 945, 968 (1993), citando a Interstate Commerce Comm. v. Brimson, 154 U.S. 447, 485 (1894). En Interstate Commerce Comm. v. Brimson, supra, el Tribunal Supremo de Estados Unidos expresó lo siguiente:

The inquiry whether a witness before the Commission is bound to answer a particular question propounded to him, or to produce books, papers, etc., in his possession, and called for by that body, is one that cannot be committed to a subordinate administrative or executive tribunal for final determination. **Such a body could not, under our system of government, and**

por ser incompatible con la garantía constitucional de que nadie será privado de su libertad o propiedad sin un debido procedimiento de ley, es el poder de castigar como desacato el incumplimiento de sus requerimientos. En el presente caso la Comisión Industrial, mediante la Regla 40 de las Reglas de Procedimiento de la Comisión Industrial de Puerto Rico,[15] establece que el procedimiento de desacato se iniciará en la Comisión, y subsiguientemente se remitirá el procedimiento de desacato a los tribunales.

Respecto a las sanciones que pueden imponer las agencias administrativas, la sección 3.21 de la Ley Núm. 170 de 12 de agosto de 1988, conocida como la Ley de Procedimiento Administrativo Uniforme,[16] provee lo siguiente:

> La agencia podrá imponer sanciones, en su función cuasi judicial, en los siguientes casos:
>
> (a) Si el promovente de una acción, o el promovido por ella, dejare de cumplir con las reglas y reglamentos o con cualquier orden del jefe de la agencia, del juez administrativo o del oficial examinador, la agencia a iniciativa propia o a instancia de parte podrá imponer una sanción económica a favor de la agencia o de cualquier parte, que no excederá de doscientos (200.00) dólares por cada imposición separada, a la parte o a su abogado, si este último es el responsable del incumplimiento.
>
> (b) Ordenar la desestimación de la acción en el caso del promovente, o eliminar las alegaciones en el caso del promovido, si después de haber impuesto sanciones económicas y de haberlas notificado a la parte correspondiente, dicha parte continúa en su incumplimiento de las órdenes de la agencia.
>
> (c) Imponer costas y honorarios de abogados, en los mismos casos que dispone la Regla 44 de Procedimiento Civil, según enmendada, Apéndice III del Título 32.

La precitada disposición no concede a las agencias administrativas la facultad para imponer desacatos. El efecto legal de las disposiciones de la Ley Núm. 170, supra, es que prevalecen sobre toda disposición legal, relativa a una agencia en particular, que sea contraria a sus disposiciones.[17] No obstante, la Regla 44 de las Reglas de Procedimiento de la Comisión Industrial de Puerto Rico, dispone en igual forma que la sección 2170a de la Ley Núm. 170, supra.

Por otro lado, la Regla 40 de las Reglas de Procedimiento de la Comisión Industrial de Puerto Rico dispone que la Comisión tiene la facultad de iniciar el procedimiento de desacato, el cual deberá tramitarse a través del Tribunal General de Justicia. Dicha regla lee como sigue:

> Los Comisionados tienen el deber de mantener el orden y la disciplina en los procedimientos y la facultad inherente de iniciar el procedimiento de DESACATO.
>
> Serán motivos para iniciar cualquier procedimiento por desacato los siguientes:

---

**consistently with the due process of law, be invested with authority to compel abedience to its orders by judgment of fine or imprisonment.** (Énfasis nuestro.)

[15] Reglamento Núm. 5882, aprobado el 20 de noviembre de 1998.

[16] 3 L.P.R.A. sec. 2170a.

[17] Pagán Ramos v. F.S.E., 129 D.P.R. 902 (1992).

a. perturbación del orden, causar ruido o disturbio o conducirse en forma desdeñosa o insolente hacia la Comisión o a un Comisionado en su presencia, durante el desarrollo de una sesión, tendiendo con ello directamente a interrumpir los procedimientos o menoscabar el respeto debido a su autoridad; o

b. reiterada y contumaz desobediencia a cualquier decreto, mandamiento, citación u otra orden legal expedida o dictada por un Comisionado en un caso o proceso, en que estuviere atendiendo; o

c. resistencia ilegal y contumaz por parte de una persona a prestar juramento o a cumplir los requisitos como testigo en una causa pendiente ante la Comisión, o que se negare sin excusa legítima a contestar cualquier interrogatorio legal, después de haber jurado o cumplido con dicho requisito.

**Todo procedimiento conducente a la imposición de un desacato**, **se deberá tramitar a través del Tribunal General de Justicia.** (Énfasis nuestro.)

Ciertamente, las reglas o reglamentos son expresiones de aplicación general que interpretan, implantan o prescriben la ley o la política pública.[18] Para todos los efectos las reglas o reglamentos promulgados por la agencia tienen la misma fuerza vinculante que la ley, habida cuenta que determinan derechos, deberes u obligaciones de las personas o individuos sujetos a la jurisdicción de la agencia.[19]

La Regla 40 de la Comisión, supra, tuvo el efecto de subsanar el vicio del que adolecía el poder de la Comisión para castigar por desacato y encarcelar, ya que dicha regla hoy provee que **todo procedimiento conducente a la imposición de desacato**, civil o criminal,[20] deberá tramitarse a través de los tribunales.

En el presente caso, la Comisión, por voz de la licenciada Blanca Trinidad Torres, impuso directamente una multa por desacato al licenciado Rojas Lugo por su incomparecencia a una vista debidamente señalada.[21] A esos efectos, la Comisión, como agencia administrativa, una vez ha promulgado un reglamento está obligada a cumplir con sus disposiciones.[22] La actuación de la Comisionada, licenciada Blanca Trinidad Torres, está reñida con la Regla 40 de las Reglas de Procedimiento de la Comisión Industrial de Puerto Rico. Por tanto, procede que revoquemos el dictamen administrativo respecto a la imposición del desacato.

---

[18] D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, 1ra ed., Colombia, Ed. Forum, 1993, pág.53.

[19] Íd.

[20] Entendemos que las causas enumeradas en la Regla 40 de la Comisión, supra, para iniciar el procedimiento de desacato, se refieren tanto al desacato civil como al desacato criminal. Esta conclusión se concretiza más aún, cuando al examinar la disposición final de dicha norma reglamentaria se hace referencia a todo procedimiento conducente a desacato, sin distinción alguna entre ambos.

[21] No resolvemos, por no estar ante nuestra consideración, si el comportamiento inadecuado del licenciado Osvaldino Rojas Lugo merecía una sanción administrativa.

[22] Asoc. Vec. H. San Jorge v. U. Med. Corp., res. el 19 de enero de 2000, 2000 TSPR 7, 150 D.P.R. ___ (2000), 2000 J.T.S. 21; Com. Vec. Pro-Mej., Inc. v. J.P., res. el 19 de marzo de 1999, 99 TSPR 28, 147 D.P.R. ___ (1999), 99 J.T.S. 32; García Cabán v. U.P.R., 120 D.P.R. 167 (1987); Díaz de Llovet v. Oficina del Gobernador, 112 D.P.R. 747 (1982); García Troncoso v. Adm. Derecho al Trabajo, 108 D.P.R. 53 (1978).

Por los fundamentos antes expuestos, procede revocar la sentencia recurrida y la determinación de la Comisión Industrial.

Se dictará sentencia revocatoria.


EFRAÍN E. RIVERA PÉREZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Sabino Hernández Chiquez

   Demandante-Recurrente

       v.

                              CC-1999-312        Certiorari

Corporación del Fondo del
Seguro del Estado

   Demandada-Recurrida

SENTENCIA

San Juan, Puerto Rico, a 22 de diciembre de 2000.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se revoca la sentencia emitida por el Tribunal de Circuito de Apelaciones y la determinación de la Comisión Industrial, a los efectos de imponer directamente un desacato.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo