Opinión disidente emitida por el
Juez Presidente Señor Hernández Denton.
Nuevamente, no podemos estar de acuerdo con el proceder de una mayoría de este Tribunal respecto a una controversia relacionada con la Ley Núm. 7-2009 (Ley 7) (3 LPRA see. 8791 et seq.). En esta ocasión optó por desestimar las apelaciones presentadas por unos servidores públicos cesanteados, a pesar de que el Reglamento Procesal *70 de la Comisión Apelativa del Sistema de Administración de Recursos Humanos en el Servicio Público impide ese curso de acción. Por tal razón, además de disentir por las mismas razones expresadas en nuestro disenso en Domínguez Castro et al. v. E.L.A. I, 178 DPR 1, 101 (2010), nos vemos obligados a hacer constar los siguientes pronunciamientos.
I
La Sentencia emitida por una mayoría de este Tribunal atiende tres recursos en los cuales distintos servidores públicos apelaron oportunamente ante la Comisión Apelativa del Sistema de Administración de Recursos Humanos (CASARH) sus respectivas cesantías amparadas en la Ley 7. Todas estas cesantías eran efectivas al 6 de noviembre de 2009. No está en controversia el hecho de que los apelantes no cumplían con la antigüedad requerida para estar exentos de la Ley 7.
La primera apelación fue presentada por la Sra. Aixa Díaz Mercado. Ella ocupaba un puesto regular de carrera, gerencial no unionado, como Demógrafa en la Oficina de Comunidades Especiales. La segunda apelación fue presentada por la Sra. Ivelisse Marrero Marcano, quien ocupaba un puesto como Especialista Principal en Recursos Humanos en la Administración de Servicios de Salud Mental y Contra la Adicción (ASSMCA). La tercera apelación fue presentada conjuntamente por cuatro empleados que laboraban en la Administración de Servicios y Desarrollo Agropecuario (ASDA). En esencia, todos los apelantes alegan que sus cesantías fueron discriminatorias porque no se observó el orden de antigüedad. Indicaron que algunos empleados de menor antigüedad permanecieron en sus puestos, pero no los identificaron en sus apelaciones.
CASARH, sin celebrar una vista evidenciaría, desestimó las tres apelaciones por separado tras concluir que las alegaciones eran insuficientes para la concesión de un *71 remedio. El Tribunal de Apelaciones revocó las tres resoluciones emitidas por esta Comisión y ordenó la celebración de urna vista. Inconforme en los tres casos, el Procurador General acudió ante nos solicitando que revoquemos al foro apelativo intermedio. Expedimos y consolidamos los tres recursos.
En síntesis, el Procurador General planteó que la CASARH tenía facultad para resolver sumariamente las controversias ante su consideración. Adujo que los recurridos omitieron identificar en sus respectivas apelaciones ante la CASARH a aquellos empleados que presuntamente no fueron cesanteados a pesar de tener menor antigüedad que ellos y pertenecer a su misma clasificación. Además, argumentó que la decisión del Tribunal de Apelaciones imposibilitaba que la CASARH utilizara los mecanismos procesales que le provee su reglamento para lograr una resolución eficaz y justa de las numerosas “reclamaciones frívolas” relacionadas con la implantación de la Ley 7.
Una mayoría de este Tribunal acoge los planteamientos del Procurador General y revoca al Tribunal de Apelaciones. En lo pertinente a la controversia que dirimimos, expone que la Sec. 2.1(a)(viii) del Reglamento Procesal de la CASARH(1) (Reglamento) establece que las reclamaciones de discrimen tienen que detallar en el escrito original hechos que establezcan de su faz la existencia de alguna actuación discriminatoria. Acto seguido, señala que el inciso (d) del Art. Ill del Reglamento, supra, pág. 15, establece que la Comisión podrá archivar o desestimar una apelación cuando el escrito de apelación no exponga alguna alegación de hecho que justifique la reclamación en derecho.
Al aplicar el derecho a los hechos, la Sentencia interpreta aisladamente estas dos disposiciones y determina *72 que ninguno de los recurridos cumplió con la See. 2.1(a)(viii) del Reglamento, supra, pues no identificaron en sus respectivos escritos de apelación a los empleados que no fueron cesanteados antes que ellos, a pesar de tener menor antigüedad en el servicio público. Así, sostiene que las alegaciones contenidas en las apelaciones ante la CASARH fueron insuficientes, por lo que procede su desestimación; esto, sin celebrar una vista evidenciaría. Por los fundamentos que esbozamos a continuación, disentimos de este proceder.
II
La Asamblea Legislativa designó a CASARH como el foro con jurisdicción para atender las controversias que surgieran a raíz de la implantación de la Ley 7. Los procedimientos ante dicha Comisión se regirían por la Ley Núm. 184-2004 y el Reglamento Procesal de la CASARH Art. 46(a) de la Ley 7 (3 LPRA sec. 8810(a)).
Al respecto, es importante recordar la norma reiterada de que las agencias administrativas están obligadas a observar estrictamente los reglamentos que promulgan para facilitar su proceso decisional y limitar el alcance de su discreción. Hernández Chiquez v. F.S.E., 152 DPR 941, 952 (2000); Asoc. Vec. H. San Jorge v. U. Med. Corp., 150 DPR 70, 79 (2000); García Cabán v. U.P.R., 120 DPR 167, 175 (1987). Consecuentemente, CASARH está obligada a cumplir con lo promulgado en su Reglamento Procesal. Veamos lo que este establece con relación al caso ante nos.
La Sec. 2.1(a)(viii) del Reglamento, supra, pág. 5, dis-pone que las reclamaciones de discrimen deberán “[e]xpresar detalladamente en el escrito original los hechos específicos en que basa su alegación, los cuales tienen que establecer de su faz la existencia de actuación discriminatoria”.
*73 Más adelante, la Sec. 2.1(d) del Reglamento, supra, pág. 7, omitida en la Opinión mayoritaria, establece:
La Comisión podrá luego de investigada y analizada una solicitud de apelación desestimar la misma. Ante un defecto en la radicación en el escrito de solicitud de apelación inicial de los establecidos en la sección 2.1(a) ó 2.1(g), del presente reglamento, la Secretaría remitirá una notificación de defecto indicando que deberá subsanar la deficiencia en un término improrrogable de cinco (5) días laborables a partir de la fecha de envío de la notificación de defecto.
Subsanado el error dentro del término, se le otorgará número de apelación retrotrayendo la fecha de radicación a la fecha de presentado el escrito inicial. Expirado el término de cinco (5) días para subsanar el error sin que se haya corregido el mismo conllevará que el escrito de apelación se tenga por no radicado.
Ante una solicitud de apelación defectuosa que no se haya corregido, la Secretaría emitirá una notificación de devolución de documento por incumplimiento. La parte promovente podrá en el término de diez (10) días calendario a partir de la fecha de envío de la notificación de deficiencia, solicitar revisión a la Comisión en pleno, cuya determinación será final conforme la facultad otorgada en la sección 13.14(2) de la Ley Núm. 184, ante. (Enfasis suplido).
Como vimos, el requisito de que las reclamaciones de discrimen detallen en el escrito original los hechos específicos en que están basadas, de manera que se establezca de su faz la existencia de actuación discriminatoria, está preceptuado en la Sec. 2.1(a)(viii) del Reglamento, supra. Por consiguiente, de acuerdo con la Sec. 2.1(d) del mismo cuerpo reglamentario, supra, lo que procedía ante un incumplimiento con ese requisito era que la Secretaría notificara el defecto al apelante y le concediera cinco días para subsanarlo. Véanse, además, la See. 8.3 del Art. VIII, págs. 28-29, y la See. 9.3 del Art. IX del Reglamento, págs. 32-33, supra.(2) Si transcurren cinco días sin que se haya co *74 rregido el defecto, la apelación se tendrá por no presentada. La Comisión en pleno revisaría esta determinación.
Por otra parte, el Art. 111(d) y (j) del Reglamento, supra, págs. 15-16, establece:
La Comisión podrá decretar el archivo total o parcial de una apelación, o desestimar una oposición o defensa levantada contra la misma por frivolidad, incumplimiento, abandono o prematuridad, entre otros. Entre las causas de archivo o desestimación se encuentran las siguientes instancias:
d. Cuando en el escrito de apelación no se exponga alegación de hecho alguna que constituya violación de ley o reglamento, o causa que, de ser creída, justifique en derecho la reclamación.
j. Cuando no se corrijan las deficiencias señaladas por la Secretaria de la Comisión.
En cuanto a la facultad de CASARH de disponer sumariamente de algunas apelaciones presentadas ante su consideración, la Sec. 6.1 del Reglamento, supra, pág. 26, establece que “[e]n cualquier reclamación en la cual la Comisión tenga ante sí una controversia de derecho, podrá emitir la resolución sumaria, sin sujeción a ningún otro trámite procesal”. (Énfasis suplido). Más adelante, la See. 6.4(a) del mismo cuerpo reglamentario dictamina que no se podrán dictar resoluciones sumarias en las apelaciones en que existan hechos materiales o esenciales controvertidos. De hecho, la Sec. 4.2(a) del Reglamento, supra, pág. 16, dictamina que “[e]n aquellas circunstancias donde existe controversia sobre hechos esenciales, la Comisión ordenará *75 la celebración de una vista pública con citación de las partes”. (Énfasis suplido).
III
En los casos ante nos, CASARH determinó que los escritos de apelación de los servidores públicos cesanteados incumplieron con el requisito de que las reclamaciones de discrimen detallen en el escrito original hechos específicos que establezcan de su faz la existencia de alguna actuación discriminatoria. De acuerdo con las disposiciones reglamentarias citadas, la Comisión debió entonces notificar el defecto a los apelantes y concederles cinco días para corregir sus escritos de apelación. No debió imponer como primera opción la drástica sanción de desestimar sus apelaciones.
Por otra parte, una mayoría de este Tribunal se ampara incorrectamente en el inciso (d) del Art. Ill del Reglamento, supra, el cual permite la desestimación de una apelación que no expone alegación alguna que amerite la concesión de un remedio. En primer lugar, reiteramos que, antes de considerar desestimar las apelaciones en controversia, CASARH debió notificar a los apelantes el defecto de insuficiencia en las alegaciones para brindarles la oportunidad de corregirlo.
En segundo lugar, debemos recordar que los recurridos alegaron en sus respectivas apelaciones que fueron cesanteados a pesar de haber otros empleados que tenían menor antigüedad que ellos, en contravención al orden de antigüedad prescrito en el Art. 37.04(b)(3) de la Ley Núm. 7 (3 LPRA sec. 8799(b)(3)). De probarse lo alegado, estos servidores públicos cesanteados sí tendrían derecho a la concesión de un remedio. Por ende, tampoco podían desestimarse sus apelaciones en virtud del inciso (d) del Art. Ill del Reglamento, supra.
De hecho, amerita señalar que el inciso (j) del Art. Ill, *76 supra, incluye como motivo de archivo o desestimación independiente el que no se corrijan las deficiencias señaladas por la Secretaría de la Comisión. Dado que el incumplimiento en controversia está incluido entre los defectos subsanables y que la ausencia de corrección luego de notificado el defecto puede acarrear la desestimación de la apelación, resulta injusto que se imponga esta sanción a un apelante por un defecto que nunca le fue notificado y el cual nunca tuvo la oportunidad de subsanar, tal y como lo permite el Reglamento de CASARH.
En tercer lugar, respecto a la facultad de CASARH de resolver sumariamente apelaciones ante su consideración, la Sec. 6.1 del Reglamento, supra, solo confiere a la Comisión la facultad para resolver sumariamente reclamaciones en las cuales tenga ante sí una controversia de derecho. Asimismo, la See. 6.4 del Reglamento, supra, pág. 27, reitera que la Comisión no podrá dictar resoluciones sumarias en aquellas apelaciones en las que exista controversia de hechos materiales o esenciales.
De brindar a los apelantes la oportunidad de corregir sus escritos originales y estos así hacerlo, lo que resta por resolver no es una controversia de derecho, sino una de hechos: si las agencias siguieron o no el orden de antigüedad al efectuar las cesantías, según preceptuado por la Ley 7. Por lo tanto, CASARH no tenía facultad para adjudicarlas sumariamente. Todo lo contrario. De acuerdo con la See. 4.2 del Reglamento, supra, CASARH tendría que ordenar la celebración de una vista pública con citación de las partes en las tres apelaciones al existir controversia sobre hechos esenciales. Ello, claro está, luego de que la Comisión notifique el defecto de insuficiencia en las alegaciones a los apelantes y que estos lo subsanen.
*77 IV
Por todo lo anterior, ante los hechos específicos de este caso, entendemos que procede que se devuelvan los casos a CASARH para que esta notifique el defecto conforme a la Sec. 2.1(d) del Reglamento antes citada. Así, se brindaría a los apelantes la oportunidad de corregir sus escritos de apelación mencionando, al menos, un empleado de menor antigüedad perteneciente a su misma clasificación que no fue cesanteado antes que ellos. Esto, sin excluir la posibilidad de que, luego de realizadas las investigaciones y el descubrimiento de prueba correspondientes, los apelantes puedan presentar evidencia de otros empleados de menor antigüedad que permanecieron en sus puestos luego de las cesantías apeladas.

 Reglamento Procesal de la Comisión Apelativa del Sistema de Administración de Recursos Humanos, Reglamento Núm. 7313 del Departamento de Estado, 7 de marzo de 2007.

 La See. 8.3 del Art. VIII del Reglamento, supra, págs. 28-29, dispone que “[t]odo documento que sea devuelto por el/la Secretario (a) de la Comisión por no cumplir con las disposiciones de la ley o de este reglamento deberá corregirse dentro de los próximos cinco (5) días calendario, a partir de la fecha de la notificación de la *74 deficiencia”. Por otra parte, la See. 9.3 del Art. IX del Reglamento, supra, págs. 32-33, establece que:
“El/la Secretario (a) verificará que todos los escritos que se presenten para la consideración de la Comisión cumplan con las disposiciones de la ley y de este reglamento. Cualquier escrito que no cumpla con dichas disposiciones se anotará por el/la Secretario (a) el hecho de su presentación y lo devolverá con su señalamiento de las deficiencias encontradas y que deben ser corregidas según este reglamento”.