FELIPA NERI TIRADO, peticionaria, *v.* TRIBUNAL SUPERIOR, SALA DE MAYAGÜEZ, HON. WALDO SANTIAGO, JUEZ, demandado; HERMINIO FLORES BONILLA Y OTROS, interventores.

*Número:* O-75-245      *Resuelto:* 28 de noviembre de 1975

*Enrique Báez García* y *Edwin H. Flores Tirado,* abogados de la peticionaria; *Wilfredo Pérez Candelaria, Eugenio Alemañy Fernández* y *Nicanor Laguillo,* abogados de los interventores.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El 31 de enero de 1974 seis hijos de Don Herminio Flores Rodríguez presentaron solicitud ante el Tribunal Superior, Sala de Mayagüez, para que éste fuera declarado incapacitado para regir su persona y administrar sus bienes. También solicitaron que se le nombrara tutor y que fuese preferiblemente una persona particular, pues existe fricción entre los miembros de la familia.

En 12 de agosto del mismo año, la Sra. Felipa Neri Tirado, esposa del padre de los hermanos Flores pero no madre de ellos, presentó una Comparecencia Especial en la que aceptaba la incapacidad de su esposo desde el 7 de enero de 1974, fecha en que, informa ella, él sufrió un ataque cerebral. Expresa también en su comparecencia que en la eventualidad de que el tribunal decrete la incapacidad de su esposo le corresponde a ella la tutela por disposición expresa del Art. 186 del Código Civil, 31 L.P.R.A. sec. 709. También expresó que debido a sus relaciones afines con su esposo ella está enterada de todos los negocios de aquél y que no existe impedimento alguno que le prive de ese derecho. Hay, pues, dos puntos en controversia en este caso. Uno gira en torno a la fecha en que Don Herminio Flores se incapacitó y el otro se refiere a quién debe ser nombrado tutor.

El 4 de septiembre de 1974 se llamó el caso para la vista en su fondo. El abogado de los peticionarios manifestó no estar preparado y solicitó la suspensión, la cual le fue inicial-

mente denegada, pero "en vista de ello y no estando presente el eje central de los peticionarios, Pedro H. Flores," según reza la minuta, se reconsideró la denegación de la suspensión y se le concedieron dos días al abogado de los peticionarios para que sometiera por escrito los nombres de los peritos médicos y la fecha en que Pedro H. Flores podría comparecer.

El 16 de octubre de 1974 continuó la vista del caso y a la misma comparecieron los peticionarios, la fiscal Isabel Maduro y la Sra. Felipa Neri Tirado, quien estuvo representada por los Lcdos. Enrique Báez García y Edwin H. Flores. Se solicitó y se aceptó una enmienda a la petición para añadir como peticionarios los otros cuatro hijos de Don Herminio.

Por los peticionarios declaró el Dr. Edson R. López y por la interventora, Felipa Neri Tirado, declararon los doctores Elpidio Feliciano del Toro y Elvis Ramírez Lugo. Al terminar la vista ese día, se señaló el 31 de octubre de 1974 a las 2:00 P.M. para la continuación del caso. Además la compareciente especial anunció como testigos suyos para la continuación de la vista a ocho personas y a sí misma.

Consta de los autos originales que el 24 de octubre la Sra. Felipa Neri Tirado presentó una Moción Fundamentada sobre Inclusión de Testigos, en la que informaba los nombres y direcciones de tres médicos, cuyos testimonios estimaba que eran indispensables para demostrar la fecha en que Don Herminio se incapacitó. En relación a dicha moción el tribunal dictó una orden dándose por enterado y disponiendo que en su día se proveería "sobre los extremos relacionados con la prueba testifical que interesa presentar la compareciente."

Según señalamiento previo se continuó la vista del caso. Comparecieron los peticionarios, sus abogados y la Sra. Felipa Neri Tirado, pero no así los abogados de ésta última, ni la fiscal. De la Minuta surge que el tribunal hizo constar que el Lcdo. Flores se encontraba ocupado en la Sala III de lo Criminal en un caso que se estaba ventilando por jurado y que

el Lcdo. Báez García se encontraba en el Tribunal de Expropiaciones.

Así las cosas, el tribunal dio por sometido el incidente de declaración de incapacidad y se suspendió la vista hasta el 8 de noviembre de 1974, en que decidiría sobre el nombramiento de tutor.

La interventora presentó moción de reconsideración en la que explicaba las razones por las cuales sus abogados no estuvieron presentes el día de la última vista del caso. El Lcdo. Báez García había comenzado un caso en el Tribunal de Expropiaciones el 30 de octubre, el cual el tribunal continuó el 31 de octubre. Lo mismo ocurrió con el Lcdo. Edwin Flores Tirado, quien comenzó a ver un caso por jurado el 29 y terminó el día 31. Dicha moción de reconsideración fue declarada sin lugar.

El 17 de enero de 1975 el tribunal dictó resolución resolviendo que Don Herminio Flores Rodríguez está totalmente incapacitado para regir su persona y administrar sus bienes desde el 29 de febrero de 1968. Nombró como tutor a Don Juan Mendoza López. El 10 de febrero siguiente a su resolución, la Sra. Felipa Neri Tirado solicitó reconsideración de dicha resolución, la cual, previa vista, fue declarada sin lugar.

Compareció ante nos como peticionaria y solicitó se expidiese auto de *certiorari* para revisar la resolución recurrida. Expedimos el auto.

Como errores señala el efecto retroactivo que se le dio a la declaración de incapacidad de Don Herminio Flores Rodríguez; que abusó de su discreción el tribunal al no suspender la sesión del 31 de octubre de 1974; y que erró el tribunal al no admitir prueba testifical y documental encaminada a probar que su esposo, Don Herminio Flores, gozaba de capacidad mental hasta el 7 de enero de 1974.

Tan sólo discutiremos el segundo señalamiento de error pues entendemos que éste se cometió ya que no se le dio una oportunidad razonable a la aquí peticionaria de presentar prueba en cuanto a la fecha en que su esposo quedó incapacita-

do. Si bien es cierto que los abogados de la aquí peticionaria no comparecieron a la vista del 31 de octubre de 1974, su incomparecencia no fue caprichosa y tenían razones atendibles para ello. No tenían señalamientos para ese día pero no fue su culpa si las vistas por ellos comenzadas con anterioridad al 31 de octubre fueron continuadas por orden del tribunal hasta ese 31 de octubre.

Surge del expediente que ambos abogados fueron diligentes y puntuales. Se debió suspender la vista para darle oportunidad a la Sra. Neri Tirado a presentar su prueba. En nada se afectaban los intereses del incapaz con esa suspensión, ya que estando las partes de acuerdo en que actualmente está incapacitado, el tribunal pudo así decretarlo y nombrarle tutor, como de hecho se hizo, en lo que oía prueba en relación con la controversia entre las partes.

Debe tenerse en cuenta que éste es un caso de excepción, ya que normalmente señalamientos conflictivos y cúmulo de trabajo no son razones para suspender o posponer vistas señaladas con tiempo. Sólo son atendibles cuando los abogados demuestran que han sido diligentes, cuando atender tales razones es necesario para evitar una injusticia y cuando el conflicto de señalamientos no pudo evitarse.

*Procede que se devuelva el caso para que se celebre una vista en la cual se le permita a la aquí peticionaria presentar su prueba. Se dejará en vigor aquella parte de la resolución que declara incapaz a Don Herminio Flores Rodríguez.*

El Juez Asociado Señor Díaz Cruz no intervino.