# 2001 DTA 154

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**
**PANEL IV**

FLOR ORTIZ CORREA POR SI Y EN REPRESENTACION DE
SU HIJA MENOR DE EDAD GABRIELA INES
Apelada

v.

EDWIN DAVID OTERO RIVERA
Apelante

Núm. KLAN-00-00920

San Juan, Puerto Rico, a 23 abril de 2001

Panel integrado por su Presidente, el Juez Gierbolini,
y los Jueces Cordero y Rodríguez Muñiz

Cordero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Sr. Edwin David Otero Rivera ("*Otero*") nos solicitó el 17 de agosto de 2000 la revisión de la Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 12 de julio de 2000, notificada el 18 de julio de 2000, en la cual se condenó a Otero a pagar la cantidad de $2,102.65, más los intereses legales, las costas y gastos del litigio, en concepto de alimentos, gastos prenatales y gastos incurridos por la Sra. Flor Ortiz Correa ("*Sra. Ortiz*").

### I

La Sra. Ortiz presentó el 24 de noviembre de 1998 una acción de filiación y alimentos en la que alegó que como producto de una relación consensual procreó con el Sr. Otero una hija que nació el 8 de noviembre de 1998. Solicitó que se decretara a la niña como hija del Sr. Otero, que se impusiera la correspondiente pensión alimentaria, y, además, que se le condenara al pago de gastos prenatales en los que incurrió.

El Sr. Otero reconoció voluntariamente a la menor el 14 de diciembre de 1998. Este hecho fue informado el 24 de diciembre de 1998 por la Sra. Ortiz mediante una Moción Informativa en la que solicitó se dilucidara todo lo relacionado a la pensión alimentaria y los gastos prenatales. El Tribunal ordenó una vista de pensión alimentaria para el 29 de marzo de 1999.

Lamentablemente, la menor falleció el 21 de diciembre de 1998. ■ Ante esta situación, la Sra. Ortiz solicitó ante el Oficial Examinador de Pensiones Alimentarias la desestimación de la acción de alimentos. El Tribunal de Primera Instancia procedió el 6 de abril de 1999 a dictar sentencia por desistimiento con perjuicio bajo la Regla 39.1(a) de Procedimiento Civil. La Sra. Ortiz informó que a pesar de que se había desistido la acción de alimentos quedaba pendiente la reclamación de gastos prenatales.

El caso fue señalado para vista el 15 de julio de 1999, la cual fue suspendida y señalada para el 16 de diciembre de 1999. El 14 de diciembre de 1999, el Sr. Otero solicitó la suspensión de la misma debido a que su abogada estaba interviniendo en otro caso previamente señalado en el Tribunal de Primera Instancia, Sala Superior de Humacao. El día de la vista, el tribunal denegó la suspensión, decretó turno posterior para el mismo día y finalmente anotó rebeldía al Sr. Otero. ■ La Sra. Ortiz procedió a presentar prueba documental (fotos y recibos) y testifical para probar su reclamación. El Tribunal de Primera Instancia se reservó la decisión y ordenó a la Sra. Ortiz a someter en cuarenta y cinco (45) días un memorando de derecho donde incluyera los gastos considerados prenatales. A su vez, concedió al Sr. Otero treinta (30) días para replicar indicando la procedencia

o no de la reclamación. La Sra. Ortiz presentó su posición el 26 de enero de 2000 y el Sr. Otero el 14 de abril de 2000.

Finalmente, el Tribunal de Primera Instancia dictó sentencia en la que declaró con lugar la solicitud de la demandante-apelada. Dictaminó que el demandante debe pagar la suma de $268.35 correspondientes a pensión alimentaria de la menor por el período en que vivió y dos partidas adicionales por $834.40 y $1,000.00 en concepto de gastos prenatales que consideró de carácter patrimonial. ■

Ante esta situación, el Sr. Otero solicitó la revisión de la determinación del tribunal e indicó que erró el Tribunal de Primera Instancia al ordenarle a pagar la suma de $268.35 en concepto de pensión alimentaria a pesar de que la Sra. Ortiz desistió con perjuicio de la reclamación de alimentos y la misma consta mediante sentencia final y firme dictada el 6 de abril de 1999. Además, nunca se le notificó que en la vista se dilucidaría un asunto de pensión alimentaria. El Sr. Otero indicó, además, que instancia erró al ordenar el pago de las otras partidas cuando las mismas no fueron alegadas de modo específico en la demanda y, por último, argumenta que instancia erró al denegar la solicitud de suspensión presentada por la representación legal del Sr. Otero y a anotarle la rebeldía.

## II

En cuanto al tercer señalamiento, el Sr. Otero entiende que el tribunal abusó de su discreción al denegar la moción de transferencia de vista fundada en un señalamiento previo en la Sala Superior de Humacao que no fue posible suspender debido a la cantidad de partes envueltas y la necesidad de armonizar los calendarios, y que la anotación de rebeldía en este caso es contra la política pública de que se ventilen los casos en sus méritos. En cuanto a este señalamiento, no le asiste la razón.

La Regla 8.4(b) de Procedimiento Civil, 32 Ap. III, R. 8.4(b), expresamente establece que:

*"Toda moción de suspensión o transferencia de vista antes del juicio se hará por escrito y en la misma se expondrán los fundamentos para tal solicitud. Sólo podrá formularse una solicitud de suspensión verbalmente el día de la vista, fundada en circunstancias extraordinarias no anticipables y fuera del control de las partes o de sus abogados. Si de la faz de la solicitud surgiere causa justificada para la suspensión, el juez emitirá una resolución escrita en la que expresará los fundamentos para la concesión de la suspensión o transferencia, copia de la cual será enviada al Juez Administrador. Cualquier estipulación para suspender una vista, requerirá la aprobación del juez que preside la sala."* (Enfasis suplido.)

Dicha regla establece la potestad del tribunal de determinar si declara con lugar o no una moción de suspensión. Esta determinación no queda al arbitrio de las partes, ya que requiere la aprobación del juez que preside la sala. Sobre este asunto, el Tribunal Supremo ha dicho que:

*"Si se suspende o no una vista, es atributo del funcionario que la preside. Un abogado no tiene derecho de ausentarse de la vista, y tampoco el cliente, para provocar con ello su suspensión, sin permiso del funcionario que la preside. Tampoco puede atribuirse el derecho a decidir si otra persona, aun su cliente, puede retirarse sin el consentimiento de quien presida."* In re: Arroyo Villamil, 113 D.P.R. 568, 573 (1982).

Un abogado sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente. Canon 12, Etica Profesional, 4 L.P.R.A. Ap. IX, C.12. Normalmente señalamientos conflictivos y cúmulo de trabajo no son razones para suspender o posponer vistas señaladas con tiempo. Sólo son atendibles cuando los abogados demuestran que han sido diligentes, cuando atender tales razones es necesario para evitar una injusticia y cuando el conflicto de señalamientos no pudo evitarse. *Neri Tirado v. Tribunal Superior*, 104 D.P.R. 429, 433 (1975).

Presentada una moción de suspensión para la celebración de una vista de un caso, un tribunal, antes de

hacer una determinación razonable sobre la misma, debe tomar en consideración y evaluar en conjunto los siguientes factores: (a) fecha de radicación del caso, si es de radicación reciente o ha estado pendiente por largo tiempo; (b) trámite seguido en el mismo, las suspensiones anteriores y las causas de las mismas; (c) objeciones de la parte adversa, especialmente, cómo le afecta la suspensión, los gastos en que ha incurrido para traer ante el tribunal su prueba; y (d) las razones que se aducen para la suspensión solicitada. La evaluación del conjunto de estos factores permitirá al juez de instancia hacer una determinación razonable sobre la solicitud de suspensión, recordando siempre su obligación de controlar los procedimientos con firmeza a fin de evitar la congestión y demoras indebidas. *Fine Art Wall Paper v. Wolff,* 102 D.P.R. 451, 456-457 (1974).

A su vez, la Regla 17 del Reglamento del Tribunal de Primera Instancia dispone el procedimiento a seguir en las solicitudes de suspensión y transferencia de vista. Para ello, cualquier solicitud de suspensión o transferencia de vista en casos civiles, por conflicto de calendario, deberá presentarse con notificación a la otra parte dentro de los quince (15) días siguientes a la notificación del señalamiento. Cuando medien circunstancias extraordinarias imprevisibles y fuera del control de las partes o de sus representantes legales, deberá solicitarse la suspensión en un término razonable. La parte que con anterioridad a la celebración de una vista presente una moción de suspensión, de transferencia de vista o de turno posterior, o una estipulación de suspensión, o que solicite verbalmente una suspensión el día de la vista, deberá someter junto con su solicitud no menos de tres (3) fechas disponibles para la celebración de aquélla, luego de asegurarse de que estén comprendidas dentro del período para el cual el salón de sesiones en cuestión esté señalando casos. Deberá certificar, además, que todas las partes tienen también disponibles esas fechas. Este señalamiento tendrá prioridad sobre otros. Todo juez y toda jueza que ordene la suspensión de una vista, bien sea en cámara o en corte abierta, deberá hacer de inmediato un nuevo señalamiento y disponer sobre la cancelación del arancel correspondiente.

De los hechos en el presente caso, el mismo fue señalado para vista el 15 de julio de 1999, la cual fue suspendida y señalada para el 16 de diciembre de 1999. No es hasta dos (2) días antes, o sea, el 14 de diciembre de 1999 que el Sr. Otero presentó su solicitud de suspensión. El Tribunal de Primera Instancia, entre otras cosas, tomó en consideración las múltiples suspensiones, las dilaciones en este caso y la presentación tardía de la moción de suspensión que no cumple con los requisitos esbozados por la Regla 17 del Reglamento del Tribunal de Primera Instancia, por lo que dicho foro no erró al declarar la misma sin lugar.

## III

El Sr. Otero, con relación a la adjudicación de una partida en concepto de pensión alimentaria, nos indica que el Tribunal de Primera Instancia dictó sentencia el 6 de abril de 1999, notificada el 12 de abril de 1999, por desistimiento con perjuicio bajo la Regla 39.1(a) de Procedimiento Civil. Indicó, a su vez, que dicha sentencia es final y firme. Además, indica que como se desistió con perjuicio, el tribunal carecía de jurisdicción sobre el asunto y la acción de reembolso, si alguna, no podía ser dilucidada como una de alimentos, sino que debió haberse instado en un procedimiento separado y distinto. La Sra. Ortiz solicitó mediante *"Moción Solicitando Vista"*, el 20 de abril de 1999, se dilucidase únicamente su reclamación de gastos prenatales pendientes. Argumenta que al no indicársele las controversias a dilucidarse en la vista celebrada, se le violó el debido proceso de ley. Le asiste la razón.

La Regla 39.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone lo siguiente:

*"(a) Por el demandante; por estipulación. Sujeto a las disposiciones de la Regla 20.5, un demandante podrá desistir de un pleito sin orden del tribunal:*

*(1) Mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción solicitando sentencia sumaria, cualesquiera de éstas que se notifique primero, o*

*(2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan*

*comparecido en el pleito. A menos que el aviso de desistimiento o la estipulación expusiere lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presentare un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún Tribunal Federal o de cualquier Estado de los Estados Unidos, de otro pleito basado en o que incluya la misma reclamación.*

*(b) Por orden del tribunal. A excepción de lo dispuesto en la Regla 39.1(a), no se permitirá al demandante desistir de ningún pleito, excepto mediante orden del tribunal y bajo los términos y condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio."*

De la citada Regla de Procedimiento Civil se desprende que la frase *"desistimiento será sin perjuicio"* significa que aquél que solicita el desistimiento de su acción conserva el derecho de entablar una nueva acción. Ahora bien, el desistimiento también puede ser concedido por el tribunal *"con perjuicio"* lo que significa una adjudicación en los méritos.

Al conceder la solicitud de desistimiento que hiciera la Sra. Ortiz, el Tribunal de Primera Instancia obviamente tuvo la intención de ponerle fin a la reclamación en torno a alimentos. El tribunal, el 6 de abril de 1999, al emitir su orden, indicó que *"...se tiene a la parte por desistida de la acción que ejercita en este caso, con perjuicio",* orden que se convirtió en final y firme, por lo que impidió a la Sra. Ortiz de litigar nuevamente la pensión alimentaria allí reclamada.

Por tanto, el foro apelado erró al conceder el 12 de julio de 2000, transcurrido de un año desde que emitió el desistimiento con perjuicio, la suma de $268.35 correspondientes a pensión alimentaria.

## IV

Nos indicó el Sr. Otero, en cuanto a la orden de pagar las partidas de $834.40 y $1,000.00 incurridos por la demandante en concepto de gastos prenatales, que erró el tribunal al imponer las mismas, ya que éstas no fueron alegadas de modo específico en la demanda. Nos señaló que a pesar de que instancia en su sentencia reconoció que tales gastos no constituian una reclamación de alimentos, toda vez que la niña no había nacido, por lo que no era persona y carecía de legitimación para reclamar alimentos, resolvió que existe una causa de acción de reembolso de gastos prenatales según lo establecido en *Romero Soto v. Morales,* 134 D.P.R. 734 (1993). En dicho caso, él Tribunal de Primera Instancia declaró con lugar una reclamación por una partida de $1,800.00 utilizados para costear parte de los gastos de alumbramiento y cuidado prenatal del que creía era su hijo. El Tribunal Supremo nada expresó al respecto; sin embargo, procedió a confirmar la sentencia emitida por el Tribunal de Primera Instancia. En el caso ante nuestra consideración, el foro apelado dictaminó que estos gastos eran de carácter patrimonial. El Sr. Otero, por su parte, argumenta que el concepto de gastos prenatales sólo se limita al cuidado de la mujer embarazada en cuanto a los tratamientos que recibe durante su embarazo y no a aquellos gastos en objetos preparativos para el nacimiento de la menor, e.g., ropa, mobiliario, etc. Además, indicó que en la demanda no se estableció en qué consistían, ni la cuantía de los mismos, a pesar de ser partidas especiales que deben especificarse y detallarse o se renuncian a ellos. ██ Entiende el Sr. Otero que, en la alternativa, este gasto debe distribuirse entre las partes y no imputarse únicamente a él. Le asiste, en parte, la razón.

Este Tribunal entiende que los gastos prenatales se refieren a partidas incurridas durante el período de gestación antes del nacimiento de la criatura las cuales están relacionadas a éste; por ejemplo, los gastos médicos en los que se incurran para que nazca el niño, aquellos muebles necesarios y adecuados para el disfrute de éste e.g., sillones de seguridad, camas cunas y botellas, entre otros. Por lo que son gastos que deben corresponder a los progenitores de la criatura que está por nacer, ya que dicho gasto se incurre para beneficio de la hija de las partes, por lo que el mismo debe imputarse a ambos padres. Dichas cantidades fueron evidenciadas mediante prueba documental y testifical presentada por la Sra. Ortiz el día de la vista ante el foro apelado.

Corresponde al tribunal sentenciador aquilatar la prueba testifical ofrecida y dirimir su credibilidad. En razón de ello, repetidamente hemos establecido que en asuntos de credibilidad de la prueba, concederemos gran deferencia a las determinaciones de hechos efectuadas por los tribunales de instancia. *Juan Félix Trinidad García v. Yamil Chade*, __ D.P.R. __, **2001 J.T.S. 10**, a la pág. 793; *Pueblo v. Torres Rivera*, 137 D.P.R. 630 (1994). Por tanto, este Tribunal dictamina que ante la falta de error manifiesto, arbitrariedad o prejuicio en las determinaciones esgrimidas por el foro apelado y a la deferencia que éste le merece en su apreciación de la prueba, la cantidad de $1,834.40 debe ser prorrateada proporcionalmente entre las partes, por lo que el crédito o la deuda se presumen divididos en tantas partes como acreedores o deudores haya, ██ y ante la falta de prueba que contradiga tal presunción, le corresponde al Sr. Otero el pago de una porción que asciende a la cantidad de $917.20.

V

Por los fundamentos antes esbozados, se elimina la partida de $268.35 por concepto de pensión alimentaria y se ordena al Sr. Otero el pago de $917.20 en concepto de gastos prenatales, y así modificada, se confirma.

Lo acuerda y manda este Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

**ESCOLIOS 2001 DTA 154**

**1.** Del Certificado de Defunción, que es parte del Apéndice del presente recurso, surge que la niña murió por un severo trauma corporal como consecuencia de ser lanzada al vacío desde un segundo piso en un centro comercial. En otros escritos que forman parte del expediente se indica que el centro comercial era el de Plaza Carolina.

**2.** No estuvo presente ni la representación legal del Sr. Otero, ni éste a la vista del 16 de diciembre de 1999. De la sentencia surge que el tribunal consideró la situación de la presentación tardía de la moción de suspensión y también consideró que el caso había sido suspendido en varias ocasiones anteriormente.

**3.** Todas estas cantidades fueron probadas mediante recibos de compra y del testimonio durante la vista del 16 de diciembre de 1999, según dispone el propio tribunal apelado mediante su sentencia.

**4.** En la demanda se alega, específicamente, los gastos prenatales, por lo cual este argumento carece de mérito. De tener duda, el apelante tenía a su disposición los mecanismos de descubrimiento de prueba para determinar en qué consistían los gastos prenatales.

**5.** 31 L.P.R.A. § 3102.