EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2006 TSPR 117 |
| | 168 DPR _____ |
| Nelson Vélez Lugo | |

Número del Caso: CP-2003-3

Fecha: 10 de julio de 2006

Abogado de la Parte Querellada:

        Por Derecho Propio

Oficina del Procurador General:

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Nelson Vélez Lugo                    CP-2003-3

PER CURIAM

San Juan, Puerto Rico, a 10 de julio de 2006.

I

El licenciado Nelson Vélez Lugo fue admitido al ejercicio de la abogacía y del notariado los días 6 y 23 de junio de 1983, respectivamente.

Mediante una resolución del 19 de diciembre de 2002 instruimos al Procurador General para que presentara una querella contra el licenciado Vélez Lugo por ciertos incidentes ocurridos en la tramitación del caso Pagán Ferrer v. Irizarry Tirado ante el Tribunal de Primera Instancia, Sala Superior de Mayagüez (caso IPE-2001-024).  El Procurador General, en cumplimiento de nuestra orden, presentó la correspondiente querella el 31 de enero de 2003, en la que le formuló un cargo al licenciado Vélez

Lugo por entender que éste había violado el Canon 12 de Ética Profesional, 4 L.P.R.A. Ap. IX C. 12, al causar dilaciones innecesarias en el trámite del caso IPE-2001-024.

El 3 de febrero de 2003 expedimos un mandamiento al licenciado Vélez Lugo en el que le ordenamos contestar la querella presentada por el Procurador General dentro de un término de quince días. El mandamiento fue diligenciado personalmente por un alguacil el 12 de febrero de 2003 y el licenciado Vélez Lugo presentó su contestación a la querella tardíamente el 20 de marzo del mismo año. El 25 de abril de 2003 nombramos un Comisionado Especial para que, en presencia de las partes, recibiera la prueba y luego nos rindiera un informe con las determinaciones de hecho y las recomendaciones que estimase pertinentes.

Ya terminada su encomienda, el 14 de julio de 2004, el Comisionado Especial presentó el informe que le requiriéramos. El licenciado Vélez Lugo presentó una réplica al informe del Comisionado Especial. El caso quedó sometido para nuestra adjudicación el 12 de noviembre de 2004, y estamos en posición de resolver.

II

La presente controversia tuvo su origen durante el desarrollo del caso IPE-2001-024 ante el Juez Ricardo Santana Ramos de la Sala Superior de Mayagüez del Tribunal de Primera Instancia. Según las determinaciones de hecho del Comisionado Especial, en dicho caso el licenciado Vélez

Lugo representaba a la parte demandada, quien contrató sus servicios el 2 de mazo de 2001, día para el cual el tribunal ya había señalado una vista. Por esta razón, y porque ya tenía otro señalamiento anterior en Arecibo, el 2 de marzo de 2001 en horas de la mañana el licenciado Vélez Lugo presentó una moción para que se le concediera un turno de la tarde, en vez de un turno temprano en la mañana. El tribunal accedió a lo solicitado, la vista se celebró en horas de la tarde, y las partes llegaron a ciertos acuerdos.

La parte demandante presentó una moción en la que alegó que la parte demandada estaba incumpliendo con lo acordado en la vista del 2 de marzo y solicitó que se le encontrara incursa en desacato. A estos efectos, el tribunal señaló una vista para el 28 de agosto de 2001, a la cual la parte demandada compareció representada por el licenciado Melvin Martínez, debido a que el licenciado Vélez Lugo tenía otro señalamiento para ese día. El licenciado Martínez le manifestó al tribunal que no se sentía preparado para la vista y que no tenía el expediente del caso consigo. El tribunal le dio una oportunidad para que se preparara y, luego, las partes llegaron a nuevas estipulaciones que fueron acogidas por el tribunal.

Transcurrido el tiempo, la parte demandante instó nuevamente al foro de instancia a encontrar a la parte demandada incursa en desacato pues, alegadamente, seguía incumpliendo con lo acordado. El tribunal procedió, entonces, a señalar una vista para el 14 de noviembre de

2001. Aunque dictada el 7 de septiembre de 2001, dicha orden fue notificada a las partes el 20 de septiembre de 2001. El 3 de octubre de 2001 el licenciado Vélez Lugo solicitó la transferencia de dicha vista e indicó que hacía cuatro meses que tenía otro señalamiento--la vista en los méritos de un caso--para ese mismo día. El foro de instancia declaró sin lugar la petición de transferencia de vista y concedió a las partes término para que pudiesen coordinar una fecha en la que ambas pudiesen comparecer. No obstante, las partes no lograron ponerse de acuerdo. El día señalado para la vista de desacato no comparecieron ni el licenciado Vélez Lugo, ni uno de los demandados. El otro demandado compareció representado por el licenciado Santiago Feliciano quien le explicó al tribunal que su representado no interesaba sus servicios, sino los del licenciado Vélez Lugo. Luego de cuestionar al demandado un poco en cuanto a sus deseos de que fuera el licenciado Vélez Lugo quien lo representara, el tribunal impuso sanciones a la parte demanda y pospuso la vista para el día siguiente en la sesión de la tarde.

El licenciado Vélez Lugo compareció a la vista el día siguiente a la hora señalada y le informó al juez Ricardo Santana Ramos que su cliente estaba en vías de presentar una querella en su contra (en contra del juez) y que una vez la tuviera le entregaría copia de la misma. El juez Santana Ramos le preguntó al licenciado Vélez Lugo si estaba preparado para la vista, pero éste le aconsejó al juez Santana Ramos que se inhibiera del caso, dadas las

imputaciones que su cliente le estaba haciendo en la querella. Luego de un intercambio sobre este particular, el juez Santana Ramos dio por terminada la sesión y posteriormente el caso fue trasladado a otra sala.

Con este trasfondo fáctico, y luego de recibir los testimonios de las partes y sus testigos, el Comisionado Especial entendió que el licenciado Vélez Lugo tiene una carga de trabajo que no puede manejar solo. Por esta razón, en ocasiones se ve obligado a contratar a otros abogados para que lo sustituyan cuando se enfrenta a señalamientos conflictivos. No obstante, antes de requerir los servicios de otros letrados, el licenciado Vélez Lugo siempre consulta con sus clientes para asegurarse que estén de acuerdo con este proceder. Sin embargo, como todo esto lo hace de forma precipitada, los abogados contratados para sustituirlo no siempre llegan debidamente preparados a los señalamientos. Estas actuaciones usualmente redundan en perjuicio para los clientes del licenciado Vélez Lugo, cuyas causas se ven postergadas hasta que éste encuentre un espacio en su calendario.

### III

El Canon 12 de Ética Profesional impone al abogado el deber de tramitar las causas con puntualidad y diligencia.

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos, ser puntual en su asistencia y conciso y exacto en el trámite y presentación de sus causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en

su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente. 4 L.P.R.A. Ap. IX C. 12.

Además, hemos resuelto que aunque estamos conscientes de que los abogados siempre están sujetos a la posibilidad de señalamientos conflictivos, éstos no son razones válidas para suspender y posponer vistas judiciales señaladas con tiempo. Neri Tirado v. Tribunal Superior, 104 D.P.R. 429 (1975). No obstante, los tribunales están obligados a ser comprensivos cuando las circunstancias del caso ameritan la posposición de la vista.

De los hechos que el Comisionado Especial estimó probados, se desprende que el juez Santana Ramos fue comprensivo con el licenciado Vélez Lugo al acceder a sus peticiones de señalamientos posteriores y al fomentar el diálogo y la coordinación entre los letrados de las partes para que las vistas pudieran celebrarse de acuerdo a los calendarios de ambos. Por su parte, el licenciado Vélez Lugo al no lograr coordinar sus fechas decidió, con la anuencia de sus representados, contratar a otros letrados para que lo sustituyeran en las vistas a las que no podía asistir, con el problema adicional de que estos abogados nunca estuvieron debidamente preparados para atender las vistas a las que comparecieron. Al así proceder, el licenciado Vélez Lugo faltó a su deber de proveer un trámite y una defensa diligente, responsable y efectiva a sus clientes, ya que causó demoras innecesarias que

entorpecieron el curso del caso. Por tanto, coincidimos con el Procurador General en que el licenciado Vélez Lugo violó el Canon 12 de Ética Profesional.

Sin embargo, no podemos soslayar que el licenciado Vélez Lugo ha gozado de buena reputación en nuestra profesión por casi 24 años y que durante ese período nunca había sido objeto de una querella disciplinaria. Además, según nos informa el Comisionado Especial, éste reiteradamente se ha mostrado avergonzado y apesadumbrado por los inconvenientes causados, y repetidamente se ha disculpado con las partes envueltas en la controversia que suscitó la presente querella, incluido el juez Santana Ramos.

IV

Por todo lo anterior, resolvemos que el licenciado Vélez Lugo violó el Canon 12 de Ética Profesional. Censuramos sus actuaciones reprochables, que desembocaron en dilaciones innecesarias en la causa de acción de sus clientes, y lo apercibimos de que de repetirse en un futuro la conducta que dio curso a la presente querella, seremos mucho más severos en nuestra sanción.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Nelson Vélez Lugo                    CP-2003-3


SENTENCIA

San Juan, Puerto Rico, a 10 de julio de 2006.


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, resolvemos que el licenciado Vélez Lugo violó el Canon 12 de Ética Profesional. Censuramos sus actuaciones reprochables, que desembocaron en dilaciones innecesarias en la causa de acción de sus clientes, y lo apercibimos de que, de repetirse en un futuro la conducta que dio curso a la presente querella, seremos mucho más severos en nuestra sanción.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no interviene.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo